IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARRISON GATHERS, JR., )
IDOC # K64352, )
                                      )
                **Plaintiff,** )
                                      )
vs. ) CIVIL NO. 11-155-GPM
                                      )
C/O MCGRAW, )
                                      )
                **Defendant.** )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Harrison Gathers, Jr., a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of thirty years' imprisonment at the Shawnee Correctional Center ("Shawnee") for attempted murder, brings this action pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by a person acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In Gathers's pro se complaint in this case, Gathers alleges that on August 8, 2010, at approximately 10:30 a.m. he was at chapel at Shawnee when Defendant C/O McGraw, a correctional officer at Shawnee, called prisoners from Gathers's housing unit to go to the prison dining hall for lunch. As Gathers went to join the prisoners in his housing unit, he paused to ask the prison chaplain about his, Gathers's, diet tray, and was told by the chaplain that he, the chaplain, would send Gathers a call pass later in the week to discuss the matter. When Gathers joined the prisoners from his housing unit that were going to the dining room, McGraw asked Gathers where he had been. Gathers replied that he had been talking to the chaplain about his diet tray, whereupon McGraw told Gathers to go back to his housing unit. When Gathers asked McGraw if he could eat lunch, McGraw allegedly told Gathers, "[T]hat's to [sic] bad, go back to your unit." Doc. 1 at 5. As a result of McGraw's order, Gathers missed lunch. Gathers seeks unspecified damages and suspension of McGraw from his duties.

In general, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement[.]'" *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). This duty includes the obligation to "ensure that inmates receive adequate food[.]" *Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir. 1996). However, withholding food from a prisoner is not "a *per se* objective violation of the Constitution; instead, a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Here Gathers alleges that he was deprived of one meal, a claim that plainly does not rise to the level of cruel and unusual punishment. *See Carter v. Walker*, Civil No. 08-cv-882-JPG, 2009 WL 112436, at *2 (S.D. Ill. Jan. 16, 2009) (a single inedible meal – in effect, a missed meal – was not an Eighth Amendment violation); *Curiel v. Stigler*, No. 06 C 5880, 2008 WL 904894, at *5 (N.D. Ill. Mar. 31, 2008) ("One or two missed meals are not actionable as Eighth Amendment violations."); *Freeman v. Berge*, No. 03-C-0021-C, 2003 WL 23272395, at *5 (W.D. Wis. Dec. 17, 2003) ("An occasional missed meal does not violate the Eighth Amendment."); *Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003) ("Going without food for five hours does not approach the level of an Eighth Amendment violation."); *Cunningham v. Eyman*, No. 95 C 2900, 2000 WL 748098, at *6 (N.D. Ill. June 9, 2000) ("Going without food until mid-afternoon – or even missing lunch altogether one day – does not approach the level of an Eighth Amendment violation."). *See also Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) ("Occasional discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"). This case will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Gathers's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED with prejudice**. Gathers's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. Gathers is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 16, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge